IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36053-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KENNETH K. KNAPP, JR., | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Kenneth Knapp appeals his conviction for first degree theft, assigning error to the trial court's ruling admitting bank records for which no foundation was laid by a record custodian. The State concedes error. Although admissible evidence supports theft of property having some value, the State does not address whether the court's error was harmless. Since we will not search the record ourselves for the sufficiency of the admissible evidence, we grant the State's request to remand the matter for a retrial of the first degree theft charge.

FACTS AND PROCEDURAL BACKGROUND

In September 2016, Kenneth Knapp was charged in Okanogan County with first degree theft and forgery. Adult Protective Services had made a referral that Kenneth[1] and his wife might have wrongfully exerted control over funds belonging to Kenneth's mother, Geraldine Knapp.

After her husband's death in 2009, Geraldine had been able to live on her own, but suffered from progressing dementia. In 2013, her daughter Vicki, who held a power of attorney from Geraldine, became concerned about Geraldine living alone, and contacted the New York Life Insurance Company (NY Life) to activate a long-term care policy Geraldine had with the insurer. A nurse tasked with evaluating Geraldine agreed that she should not be living alone, but Geraldine was adamant that she did not want anyone living in the house with her.

Shortly thereafter, Geraldine executed a durable power of attorney to her sons Kenneth and Danny, revoking Vicki's power of attorney. In or about early 2014, Geraldine broke her hip and began to depend on Kenneth and his wife Therisa for care and assistance. At the end of 2014 or the beginning of 2015, Kenneth and Therisa moved into Geraldine's home.

---

[1] To avoid confusion, all members of the Knapp family will be referred to by first name. No disrespect is intended.

After Kenneth and Therisa began living with Geraldine, it became increasingly difficult for other family members, including grandchildren, to visit her, arrange for her presence at family events, or even contact her. Chains and a padlock appeared on the entry gate to her yard. In August 2015, one of Geraldine's granddaughters called police and asked them to check on her; it was at that point that other family members learned for the first time that Kenneth and Therisa had moved Geraldine into a nursing home several months earlier, in May.

Vicki initiated guardianship proceedings and, after being appointed guardian, discovered that Geraldine's assets had been dwindling rapidly, a couple of new credit card accounts had been opened in Geraldine's name, and a number of Geraldine's financial obligations had gone unpaid. Meanwhile, Adult Protective Services, which had been in contact with Geraldine's guardian ad litem, referred a concern to the Okanogan County Sheriff, where it was assigned to Detective Deborah Behymer. The referral ultimately resulted in the charges against Kenneth.

Kenneth waived his right to a jury trial of the charges, and the matter proceeded to a two-day bench trial. The State's first witness was Detective Behymer, and early in her testimony the prosecutor had her identify and describe the bank record exhibits whose admission is challenged on appeal. Detective Behymer in each case briefly described the exhibits and testified that they were accurate copies of documents that North Cascades

National Bank (NCNB) produced in response to search warrants.  When the exhibits were

then offered, Kenneth's lawyer raised the following objections:

|  | Description | Objections made |
|---|---|---|
| Ex. 5 | Checks written on Geraldine Knapp acct ending in 1069 | "Authentication.  Yes.  The foundation and authentication as to the . . . contents . . . including the . . . checks and the bank statements."  RP[2] at 55. |
| Ex. 6 | Records of Kenneth and Therisa Knapp accts ending in 7477 and 6163 | "Same objections, authentication and—also best evidence."  RP at 57.  Asked by the court what he would propose as the best evidence, defense counsel answered, "The original on bank paper printout with a custodian to verify it is what it purports to be."  *Id*. |
| Ex. 7 | Records of check deposits into Kenneth and Therisa Knapp acct ending in 6163 and 7477 | "[A]s . . . I understand it the state is offering the . . . account summary . . . .  [A]s such it's objectionable.  And—there's no information as to who did what . . . so, in addition to the previous objections with authentication and such, I would also object on the basis of—summary as evidence."  RP at 58.  Counsel later adds "also at the same time it's hearsay."  RP at 60. |
| Ex. 8 | Monthly account statements for acct ending in 8031 for 1/2015 through August 2015. | "The same objections as the other documents."  RP at 66. |
| Ex. 9 | Signature cards for Geraldine Knapp account adding Kenneth Knapp as signatory in 2014 | "It's not notarized, or—we don't have anybody to verify who signed."  RP at 68. |

---

[2] Report of Proceedings.

4

| Ex. 11 | Records of Kenneth and Therisa Knapp accts ending in 7477 and 6163 for 7/2015 through 10/2015 | Asked by the court, "[T]he same objections?," counsel answers, "Yes." RP at 71. |
|---|---|---|

The trial court overruled the objections. Particularly after defense counsel objected on hearsay grounds, it was error not to sustain the objections. Much of Detective Behymer's testimony that followed was based on information from the bank records.

The State called as additional witnesses Kenneth's siblings Danny and Vicki, Mary Jane Isley, a custodian of records for NY Life, and Renee Ewalt, Geraldine's guardian ad litem. Additional financial records for a Discover credit card and the NY Life policy were offered and admitted. Kenneth was the only defense witness.

The trial court took the matter under advisement and reconvened the parties a week later to announce its findings and verdict that Kenneth was guilty as charged. Written findings and conclusions were filed by the trial court thereafter. Kenneth appeals only his conviction for first degree theft.

After Kenneth filed his opening brief, the State chose not to submit a brief, filing, instead, a motion for remand. Its motion stated that it could "not defend the admission of the bank records without a Custodian of Records." Resp't's Mot. for Remand to Trial Ct. for a New Trial at 2.

No. 36053-9-III
*State v. Knapp*

ANALYSIS

Kenneth argues that exhibits 5 through 9 and 11—all records produced to

Detective Behymer by NCNB—should not have been admitted because a qualified

witness did not testify about their identity, mode of preparation, and whether they were

prepared in the course of ordinary business.

Under RCW 5.45.020, "A record of an act, condition or event, shall in so far as

relevant, be competent evidence if the custodian or other qualified witness testifies to its

identity and the mode of its preparation, and if it was made in the regular course of

business, at or near the time of the act, condition or event, and if, in the opinion of the

court, the sources of information, method and time of preparation were such as to justify

its admission." *See also* ER 803(a)(6).  Washington courts interpret the terms

"custodian" and "qualified witness" broadly, finding that a person who supervises the

creation of records is sufficient even if he does not have a sophisticated understanding of

how the records were compiled.  *State v. Ben-Neth*, 34 Wn. App. 600, 603, 663 P.2d 156

(1983).

Error may not be predicated on a ruling that admits evidence unless a substantial

right of the party is affected and a timely objection or motion to strike is made, stating the

specific ground of objection if the specific ground was not apparent from the context.

ER 103(a)(1).  Subject to that requirement for error preservation, we review a trial court's

6

interpretation of the rules of evidence de novo and, if its interpretation is correct, we review its decision whether to admit evidence for abuse of discretion. *State v. Arredondo*, 188 Wn. 2d 244, 256, 394 P.3d 348 (2017).

Detective Behymer's testimony that she served search warrants on NCNB and recognized the documents comprising exhibits 5 through 9 and 11 as ones she received in response to the warrant provided sufficient foundation for a limited (and irrelevant) purpose: it established that the documents are ones the bank produced in response to the warrant. Her testimony was insufficient to establish that the documents are genuine bank records or that they were prepared in the regular course of the bank's business. Accordingly, her testimony was insufficient to establish that the documents qualify for an exception to the hearsay rule.

Bank records do not have an inherent reliability that takes them outside the requirements of RCW 5.45.020. The testimony of a custodian or other qualified witness for NCNB was required.

While conceding that the evidentiary ruling was error, the State does not explicitly concede that it was reversible error. We will not search the record to determine the extent of harm caused by the error where the State's election not to file a brief deprives Kenneth of an opportunity to reply.

Kenneth additionally assigns error to the court's imposition of a criminal filing fee, claiming indigence. Because we reverse the first degree theft conviction and remand

No. 36053-9-III
*State v. Knapp*

for a new trial, we leave it to the trial court to address the application of the criminal filing fee at the time it enters a new judgment and sentence.

We reverse the first degree theft conviction and remand for proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

8